ROBERT S. BREWER, JR.
United States Attorney
Christopher M. Alexander
Assistant U.S. Attorney
California Bar No.: 201352
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101
Tel: (619) 546-6665
Fax: (619) 546-0510
Email:  Christopher.M.Alexander@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>GRACIELA ARELLANO HERRERA,<br><br>　　　　Defendant/Petitioner. | Case Nos.: 20CV1422-CAB<br>　　　　　　　15CR2942-CAB<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S PETITION** |

The UNITED STATES OF AMERICA, by and through its counsel, ROBERT S. BREWER, JR., United States Attorney, and CHRISTOPHER M. ALEXANDER, Assistant U.S. Attorney, files its Response and Opposition to Defendant's Petition.  This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF CASE**

On November 24, 2015, an Information was filed in the Southern District of California charging Defendant/Petitioner Graciela

Arellano Herrera ("Defendant") with importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.

On December 8, 2015, pursuant to a plea agreement, Defendant entered a guilty plea to the Information. (Ex. 1, at p. 9-10; Ex. 2.) Defendant was advised that it was a virtual certainty that she would be removed as a result of the guilty plea. (Id. at 5.) Defendant stated that she was satisfied with her former counsel, Stephen Hoffman. (Id. at 8.) Defendant provided a factual basis admitting to knowingly and intentionally importing a federally controlled substance. (Id. at 8-9.) The Court scheduled a sentencing hearing and ordered a Presentence Report ("PSR"). (Id. at 9-10.)

On February 5, 2016, the Probation Officer prepared the PSR. (Dkt. #23.) The PSR included Defendant's statement of the offense. (Dkt. #23, at p. 4.) Defendant's statement did not reference any duress claim that Defendant is raising now. (Id.)

On February 24, 2016, Defendant's former counsel provided to the United States Defendant's signed statement of the offense. (Ex. 3, at p. 2-4.) Defendant's statement did not reference the duress story Defendant is raising now.

On March 11, 2016, the Court held a sentencing hearing. (Dkt. #28)  The Court departed from the low end of the guidelines and imposed a sentencing of 48 months. (Id.; Ex. 4.)

On July 23, 2020, Defendant filed a petition alleging ineffective assistance of counsel due to her counsel's failure to investigate her new claim of duress. The United States now responds.

## II

## STATEMENT OF FACTS

### A. PRIMARY INSPECTION

On October 28, 2015, Defendant applied for admission into the United States from Mexico at the San Ysidro, California, Port of Entry as the driver, sole occupant, and registered owner of a vehicle. (PSR, at p. 3.) Defendant provided two negative customs declarations. (Id.) Defendant claimed to be returning to Los Angeles after visiting family members in Mexico. (Id.) Defendant was referred to secondary inspection. (Id.)

### B. SECONDARY INSPECTION

In secondary inspection, officers located anomalies in all four of the vehicle's tires. (Id.) Eventually, officers located one package in each tire. (Id.) One of the four packages tested positive for methamphetamine. (Id.) The packages weighed approximately 14.18 kilograms gross (12.89 kilograms actual). (Id.; Dkt. #25, at Ex. 1.)

### C. DEFENDANT'S STATEMENT

Defendant was advised of her Miranda rights and elected not to make a statement. (PSR, at p. 3.)

### D. DEFENDANT'S PROFFER

Defendant provided a written statement. (Ex. 3, at p. 2-4.) Her involvement in the offense began when a person in Defendant's grandmother's neighborhood in Mexico approached her about importing drugs for $2,500. The unknown person took Defendant's vehicle and returned several hours later with the drugs concealed in the vehicle. Defendant was to receive a call for further instructions once she successfully crossed into the United States.

**III**

**DEFENDANT IS NOT ENTITLED TO RELIEF**

Defendant argues that her Petition should be granted because her former counsel was ineffective. Defendant's arguments fail.

First, Defendant's Petition is untimely since it was filed more than one year after final judgment and no exception applies. Second, former counsel's decision to advise his client to enter a guilty plea and forgo a meritless defense was reasonable. Further, former counsel's decision did not prejudice Defendant since it resulted in a charge with lower penalties and below guideline sentence. Thus, former counsel's decision was not ineffective.

**A.   Standard for 2255 Relief**

Section 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

In this case, Defendant asserts the error entitling her to relief is ineffective assistance of counsel.

**B.   The Petition is Untimely**

Without any explanation, Defendants states, at page 11 of the Petition, "[t]he claim is subject to equitable tolling and/or an exception under 28 USC 2255(f)(4)." This assertion fails and the Petition is untimely.

Section 2255 imposes a one-year time limit on the filing of habeas petitions, see Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The one year typically starts on the day after the conviction became final. See United States v. Martinez-Martinez, 295 F.3d 1041, 1044 n.6 (9th Cir. 2002); see also 28 U.S.C. § 2255(f)(1).

Section 2255(f) provides that a petitioner may sometimes be entitled to a later accrual date for her federal habeas claims, i.e., a later start to the one-year limitations period. Section 2255(f) provides that the limitations period starts to run after the latest of these four events: (1) the judgment of conviction becomes final; (2) the date on which a government-created impediment to the filing of the petition was removed; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the fact(s) supporting the claim(s) first could have been discovered in the exercise of reasonable diligence. Here, Defendant's Petition was untimely under § 2255(f).

First, Petitioner has not alleged that her claims rest on any new facts or evidence which could not have been discovered with reasonable diligence within one year after her conviction became

final, so she is not entitled to a later accrual date under § 2255(f)(4).  Cf. United States v. Li, 2013 U.S. Dist. LEXIS 165928, 2013 WL 6140860, *2-*3 (N.D. Cal. Nov. 21, 2013) (considering § 2255 petitioner's argument that claims did not accrue until some time after conviction became final because the facts supporting her claim were undiscoverable before that time).

As for the remaining § 2255(f) factors, the general rule is that a federal prisoner must file his § 2255 petition within one year from the date when his conviction became final, 28 U.S.C. § 2255(f)(1).  For § 2255 purposes, a conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Although "[s]ection 2255 does not define 'final'", United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001), the Ninth Circuit has held that if a federal prisoner does not appeal to the U.S. Court of Appeals, her conviction becomes final when the time for her to appeal expired.  In a similar case, the Ninth Circuit expressly adopted the Supreme Court's statement in a pre-AEDPA decision that "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and [if the defendant appeals] the time for a petition for certiorari elapsed or a petition for certiorari finally denied." See Schwartz, 274 F.3d at 1223 (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) [citing United States v. Johnson, 457 U.S. 537, 542 n.8 (1982) (citing Linkletter v. Walker, 381 U.S. 618, 622 n.5 (1965)]).  See also United States v. Colvin, 204 F.3d 1221, 1222-23 (9th Cir. 2000) (J. Hawkins, joined by J. McKeown) (holding that § 2255 petitioner's federal conviction became final,

for AEDPA purposes, when the time expired for him to file an appeal from the district court's amended Judgment & Commitment Order); cf. Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (stating, in state prisoner's habeas case governed by AEDPA, "Mendoza did not appeal; therefore, his conviction became final . . . sixty days after the judgment of conviction.").

Defendant's Judgment and Commitment ("J&C") Order issued on March 11, 2016 and was entered on March 14, 2016. (Ex. 4.) Federal Rule of Appellate Procedure 4(b)(1)(A) provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (I) the entry of either the judgment or the order being appealed, or (ii) the filing of the government's notice of appeal." See also Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.").

Here, the government did not appeal from this Court's J&C Order, so Defendant had to notice an appeal within 14 days after that order was entered. The 14-day appeal period ended March 28, 2016. Thus, the conviction became final when the time for direct appeal expired. Cf. Dorsey v. Miller, 2013 U.S. Dist. LEXIS 83560, 2013 WL 2928755, *2 (N.D. Cal. June 13, 2013) (holding that where § 2254 petitioner did not appeal to state appellate court, conviction became final 60 days after sentencing). Therefore, Defendant's 2020 Petition is not timely.

Next, nothing in the record suggests the government created any impediment to Defendant filing this Petition within a year of her conviction becoming final, so she is not entitled to a later accrual date under § 2255(f)(2). See Robles-Vargas v. United

States, 2008 U.S. Dist. LEXIS 21473, 2008 WL 755895, *3 (S.D. Cal. Mar. 19, 2008) ("To constitute an impediment to trigger statutory tolling, the government must have imposed the impediment in violation of the Constitution or laws of the United States.") (citing Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005)).

Finally, Defendant does contend that her claims rest on some newly recognized retroactive authority under § 2255(f)(3).

Alternatively, Defendant argues that her claims are tolled. Defendant's Petition will be untimely unless she shows that she is entitled to statutory and/or equitable tolling totaling for about three years; this she has not done.

First, as a matter of law, Defendant is not entitled to statutory tolling. Defendant is in federal custody and seeks relief from a sentence imposed by a federal court. AEDPA statutory tolling applies only to a state prisoner who filed habeas actions in the state courts before filing a federal petition attacking the same conviction and/or sentence under § 2254. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Nor has Defendant shown that she is entitled to any equitable tolling. "'[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2566, (2010) (Alito, J., concurring in part & concurring in

judgment) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "'With respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available.'" Stancle, 692 F.3d at 959 (quoting Bills v. Clark, 628 F.3d 1092, 1101 (9th Cir. 2010)). Petitioner identifies no extraordinary circumstance or impediment which prevented her from filing a § 2255 petition asserting these claims in the year following her J&C Order, so she is not entitled to equitable tolling. Thus, Defendant's Petition is untimely and should be dismissed with prejudice. Zixiang Li v. Kerry, 710 F.3d 995 (9th Cir. 2013) (holding that "[d]ismissal without leave to amend is proper if it is clear that the complaint [or petition] could not be saved by amendment[.]").

### C. Former Counsel was Not Ineffective

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984); Missouri v. Frye, 566 U.S. 134, 144 (2012) (holding that defendants are entitled to the effective assistance of counsel with regard to plea offers); Glover v. United States, 531 U.S. 198, 203-04 (2001) (holding that defendants are entitled to the effective assistance of counsel with regard to sentencing proceedings).

In Strickland, 466 U.S. at 694, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice."

Under Strickland's first prong, Defendant is required to show that his former counsel's performance "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, or was

"outside the wide range of professionally competent assistance," id. at 690. In reviewing counsel's performance under this first prong, the Court must "begin with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy.'" Cullen v. Pinholster, 563 U.S. 170, 191 (2011) (alteration in original) (quoting Strickland, 466 U.S. at 689). The Court must be "highly deferential," and must evaluate the challenged conduct from the perspective of defense counsel. Strickland, 466 U.S. at 689. "[T]he relevant inquiry under Strickland is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." Siripongs v. Calderon, 133 F.3d 732, 736 (9th Cir. 1998).

Under Strickland's second prong, Defendant is required to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Defendant has to show "a 'substantial,' not just 'conceivable,' likelihood of a different result." Pinholster, 563 U.S. 189 (quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)). To show prejudice in the sentencing context, a petitioner must prove that, absent counsel's alleged deficient performance, the result of the sentencing proceeding would have been different. Glover, 531 U.S. at 203-04; see also United States v. Palomba, 31 F.3d 1456, 1465 (9th Cir. 1994).

It is unnecessary to address both Strickland requirements if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness

claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the Strickland test obviates the need to consider the other.").

Here, Defendant fails on both prongs since former counsel's decision was reasonable and caused no prejudice.

### 1. Former Counsel's Decision Was Reasonable

Assuming Defendant's allegation is true, former counsel's decision to not argue for a meritless duress defense was reasonable because it reduced Defendant's potential exposure and resulted in a below guideline sentence.

Defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. See Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir. 2001). However, the duty to investigate and prepare a defense is not limitless. Id. An attorney is not required to interview every conceivable witness or to examine every possible piece of evidence. Id. Further, the Ninth Circuit has observed that: "Courts have generally rejected claims of ineffective assistance premised on a failure to investigate where the record demonstrates that the defendant would have pled guilty despite the additional evidence and where the additional evidence was unlikely to change the outcome at trial." Lambert v. Blodgett, 393 F.3d 943, 982 (9th Cir. 2004).

Here, Defendant's former counsel performed an adequate investigation. Former counsel did not chase after inadmissible evidence or theories unsupported by the evidence.

Defendant has identified no "additional evidence" that former

counsel failed to uncover in his allegedly inadequate investigation, let alone demonstrated that but for the discovery of that evidence, she would not have been found guilty at any trial. On the contrary, Defendant's statements to the Probation Officer and to the United States made no mention of duress.

Any duress evidence would not have impacted any trial. Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394, 416 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996) (addressing duress).

In order to make a prima facie showing for a duress defense or a jury instruction, a defendant must establish: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm. United States v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir. 2011). In the absence of a prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury instruction is not appropriate. Id. "[A] defendant has a reasonable opportunity to escape the threatened harm by surrendering to authorities when confronted at a point of inspection even where the defendant asserts that he is being watched by the people who threatened him and that threats have been made against his family." Id. at 1005.

Here, Defendant did not inform the primary officer of the alleged duress. Defendant did not inform the secondary officer. Defendant invoked her right to remain silent. Defendant's alleged duress defense was without merit and would have been inadmissible

at trial. Thus, Defendant has not demonstrated any prejudice arising from former counsel's allegedly deficient pretrial investigation.

On the contrary, when it became apparent that Defendant's criminal history would preclude a finding of safety valve eligibility, former counsel negotiated a disposition avoiding any potential mandatory minimum. The disposition also reduced Defendant's potential statutory maximum from life to 20 years in custody. Prior to departures, Defendant's guideline range was 63 to 78 months in custody. (Dkt. #25.) Former counsel's decision resulted in a 48-month sentence, a sentence below the guideline range prior to departures.

Had former counsel not negotiated the disposition and unsuccessfully argued the duress defense, Defendant potentially would have been facing no less than ten years in custody. Former counsel's decision resulted in a sentence that was less than half the ten-year mandatory minimum. The decision also eliminated the risk Defendant could receive the ten-year mandatory minimum and up to life in custody. Under any measure, former counsel's decision was reasonable.

### 2. Former Counsel's Decision Caused No Prejudice

Former counsel's decision to not argue for the duress defense caused no prejudice to Defendant. Defendant's statements to the Probation Officer and the United States explicitly admitted guilt without any reference to duress. (PSR at 4; Ex. 3, at p. 2-4.) Ultimately, Defendant fails to allege that she would not have entered a guilty plea if there were evidence of duress. The sentencing included a departure below her guideline range of 63 to

78 months in custody.

Further, as noted previously, the duress defense would have been inadmissible.

Defendant received the benefit of her bargain. Any argument that she was unaware of former counsel's decision to forgo arguing duress is meritless. Defendant knowingly and voluntarily entered a guilty plea. A guilty plea entered pursuant to an adequate plea colloquy "should be more than ephemeral," United States v. Rios Ortiz, 830 F.2d 1067, 1069-70 (9th Cir. 1987), and indulging such a meritless argument serves only to "debas[e] the judicial proceeding at which a defendant pleads." United States v. Hyde, 520 U.S. 670, 676 (1977).

Defendant has not alleged that, even if adequate assistance had been given, she would have elected to plead not guilty and proceed to trial. Defendant has not denied her acts or suggested pleading not guilty. Defendant does not argue that the sentence she received was illegal since it is well below the 20-year maximum. Thus, the Court should find that no prejudice from the allegedly inadequate advice has been shown.

### 3. The Court Should Not Hold an Evidentiary Hearing

An evidentiary hearing is not required when "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Further, no hearing is necessary when credibility can be conclusively decided on the basis of documentary testimony and evidence on the record. Shah v. United States, 878 F.2d 1156, 1160 (9th Cir. 1989). "Mere conclusory statements in a § 2255 motion are not enough to require a hearing." United

States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). The record demonstrates counsel provided effective assistance, and Defendant has not alleged any facts outside of the record or events outside of the courtroom that would require a hearing. Thus, this Court should not hold an evidentiary hearing on this matter.

### 4. The Court Should Deny a Certificate of Appealability

In order for Defendant to assert a right to appeal this final order, she must first warrant a certificate of appealability. 28 U.S.C. § 2253(b), (c)(1). To do so, Defendant must make "a substantial showing of the denial of a constitutional right," and "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The record is plain, and reasonable jurists would not debate that Defendant's motion lacks merit. Thus, the Court should deny Defendant a certificate of appealability.

## IV

## CONCLUSION

For the foregoing reasons, the United States asks that the Court deny Defendant's Petition.

DATED: August 25, 2020.     Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

/s/ Christopher M. Alexander
CHRISTOPHER M. ALEXANDER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>   v.<br><br>GRACIELA ARELLANO HERRERA,<br><br>  Defendant. | Case Nos.: 20CV1422-CAB<br>        15CR2942-CAB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, CHRISTOPHER ALEXANDER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of the United States' Opposition to Defendant's Petition on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I hereby certify that I have caused to be emailed and mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1. Graciela Arellano Herrera
   #51422-298
   Henderson Detention Center
   18 East Basic Road
   Henderson, NV 89015

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 25, 2020.

                              s/ Christopher M. Alexander
                              CHRISTOPHER M. ALEXANDER
                              Assistant U.S. Attorney