```
 1                    UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   UNITED STATES OF AMERICA,        .
                                      .
 5                 Plaintiff,         .  No. 15-cr-2942-CAB
                                      .
 6           v.                       .  December 8, 2015
                                      .  9:46 a.m.
 7   GRACIELA I. ARELLANO HERRERA,    .
                                      .
 8                 Defendant.         .  San Diego, California
     . . . . . . . . . . . . . . .
 9

10              TRANSCRIPT OF CHANGE OF PLEA HEARING
            BEFORE THE HONORABLE KAREN S. CRAWFORD
11              UNITED STATES MAGISTRATE JUDGE

12

13   APPEARANCES:

14   For the Government:      United States Attorney's Office
                              By: MEGHAN E. HEESCH, ESQ.
15                            880 Front Street, Room 6293
                              San Diego, California 92101
16
     For the Defendant:       Law Offices of Stephen Edward Hoffman
17                            By: STEPHEN EDWARD HOFFMAN, ESQ.
                              P.O. Box 52
18                            Bonita, California 91908

19

20

21   Transcript ordered by: Andres Ortiz Law

22   Transcriber:            Chari L. Bowery

23

24   Proceedings Recorded by Electronic Sound Recording;
     Transcript Produced by Transcription
25
```

```
 1              SAN DIEGO, CALIFORNIA; DECEMBER 8, 2015; 9:46 A.M.
 2                                   -o0o-
 3              THE CLERK:  And Number 8, 15-cr-2942-CAB, United
 4   States of America v. Graciela I. Arellano Herrera.
 5              MR. HOFFMAN:  Good morning, Your Honor.  Stephen
 6   Hoffman on behalf of Ms. Arellano.
 7              THE COURT:  Good morning.
 8              MS. HEESCH:  And Meghan Heesch for the United States.
 9              THE COURT:  Thank you.
10         (Court hears unrelated matter.)
11              THE CLERK:  Good morning, sir and ladies.  Would you
12   each please raise your right hand.
13         (Oath administered by the clerk.)
14              THE CLERK:  As to Ms. Arellano?
15              THE DEFENDANT:  Yes.
16              THE CLERK:  Thank you.  You may lower your hands.
17              THE COURT:  Good morning.  Each of you is here today
18   because you signed a written consent form giving up your right
19   to enter a guilty plea before the district judge who will
20   sentence you.  So, instead, I understand that you wish to enter
21   a guilty plea before me this morning and then be sentenced by
22   the district judge at a later date.
23         Is that how you wish to proceed, Graciela Arellano
24   Herrera?
25              THE DEFENDANT:  Yes.
```

```
 1            (Court hears unrelated matter.)
 2            THE COURT:  I am going to advise you now of your
 3   constitutional rights.
 4       You have the right to persist in your pleas of not guilty.
 5   You have the right to a speedy and public trial.  You have the
 6   right to be tried by a jury, or you can give up that right and
 7   instead be tried by a judge.  You have the right to the
 8   assistance of counsel throughout your case and through trial,
 9   and if you can't afford a lawyer, one would be appointed to
10   assist you at no cost to you.  You have the right to confront
11   and cross-examine any witnesses who might be called to testify
12   against you.  You have the right to present your own defense,
13   which includes calling witnesses to testify on your behalf and
14   testifying on your own behalf.  Lastly, you have the right
15   against self-incrimination, which means that the government
16   can't force you to testify at any hearing or trial and
17   thereafter may not comment on your silence.
18       By pleading guilty before me today, you give up all of
19   those rights, with the exception of the continued right to the
20   assistance of counsel.
21       Do you understand that and wish to give up those rights,
22   Ms. Arellano?
23            THE DEFENDANT:  Yes.
24            (Court hears unrelated matter.)
25            THE COURT:  Ms. Arellano, you are charged with
```

```
 1  violating Title 21 United States Code Sections 952 and 960,
 2  importation of methamphetamine, which is a felony.
 3          Ms. Heesch, can you please state what the elements of the
 4  charge are?
 5          MS. HEESCH:  Yes, Your Honor.  There are two
 6  elements:  One, defendant intentionally brought methamphetamine
 7  into the United States; and two, defendant knew that it was
 8  methamphetamine or some other prohibited drug.
 9          THE COURT:  Ms. Arellano, if your case proceeded to
10  trial, if you were not pleading guilty before me today, the
11  government would need to prove both of those elements beyond a
12  reasonable doubt.  But because you are pleading guilty to the
13  charge, it is not necessary for the government to prove the
14  underlying elements.  Do you understand?
15          THE DEFENDANT:  Yes.
16          THE COURT:  And the range of maximum penalties,
17  please, Ms. Heesch?
18          MS. HEESCH:  A maximum 20 years in prison, a maximum
19  $1 million fine, a mandatory special assessment of $100 per
20  count, a term of supervised release of at least three years, up
21  to life, and possible ineligibility for certain federal
22  benefits.
23          THE COURT:  And you understand the range of maximum
24  penalties which could potentially be imposed on you in this
25  case?
```

4

```
 1              THE DEFENDANT:  Yes.
 2         (Court hears unrelated matter.)
 3              THE COURT:  And Mr. Hoffman, did you -- is your
 4    client a U.S. citizen?
 5              MR. HOFFMAN:  No.
 6              THE COURT:  And did you discuss the immigration
 7    consequences with your client?
 8              MR. HOFFMAN:  Yes.
 9              THE COURT:  And does she understand that there's a
10    virtual certainty that she will be deported as a result of her
11    guilty plea in this matter?
12              MR. HOFFMAN:  Yes.
13              THE COURT:  Okay.  And Ms. Arellano, do you
14    understand that there's a virtual certainty that you will be
15    deported as a result of your guilty plea in this matter?
16              THE DEFENDANT:  Yes.
17              THE COURT:  I am going to advise you now about the
18    sentencing guidelines.  In determining the appropriate sentence
19    for each of you, your assigned district judges will consider
20    what is known as the sentencing guidelines.  These guidelines
21    are advisory, so they are not required to follow them.  They
22    could impose the maximum sentence, as set forth in your plea
23    agreement and repeated here this morning by the assistant U.S.
24    attorneys, or a lesser sentence.  They have discretion to make
25    that determination.
```

```
 1        Ms. Arellano, did you discuss the sentencing guidelines
 2   with your attorney?
 3             THE DEFENDANT:  Yes.
 4             THE COURT:  Do you have any questions about them?
 5             THE DEFENDANT:  No.
 6             THE COURT:  And do you understand that once you plead
 7   guilty before me and then are sentenced by Judge Bencivengo,
 8   that you can't change your plea afterwards?
 9             THE DEFENDANT:  Yes.
10        (Court hears unrelated matter.)
11             THE COURT:  Each of you has the right to appeal any
12   sentence that might be imposed on you unless you have given up
13   that right as part of your plea arrangement with the
14   government.
15        It is possible as well that your assigned district judges
16   will impose a term of supervised release, which would allow for
17   your release from custody so long as you comply with certain
18   conditions.  If you were to violate those conditions, and
19   depending upon the severity of the violations, you could be
20   returned to custody for the full length of your supervised
21   release term.  You would not receive credit for the time
22   already served on supervised release.  And then a new term of
23   supervised release could be imposed on you.  If you were to
24   then violate the new terms of supervised release, this process
25   could happen repeatedly.
```

```
 1        For Ms. Arellano, I have before me your plea agreement,
 2   which is 13 pages long.  Did you sign the last page?
 3        THE DEFENDANT:  Yes.
 4        THE COURT:  And did you initial the bottom right-hand
 5   corner of each page of the plea agreement?
 6        THE DEFENDANT:  Yes.
 7        THE COURT:  Do your initials and does your signature
 8   indicate you reviewed the entire agreement, including the
 9   provisions on waiver of appeal and collateral attack; that you
10   discussed the plea agreement with your lawyer; and that you
11   understood it before signing it?
12        THE DEFENDANT:  Yes.
13        THE COURT:  And do you have any questions about the
14   plea agreement?
15        THE DEFENDANT:  No.
16        THE COURT:  Mr. Hoffman, does the plea agreement
17   constitute the entire agreement between your client and the
18   government?
19        MR. HOFFMAN:  Yes.
20        THE COURT:  And are you satisfied with the services
21   that your lawyer has provided to you?
22        THE DEFENDANT:  Yes.
23        THE COURT:  Did anybody threaten you to get you to
24   plead guilty today?
25        THE DEFENDANT:  No.
```

```
 1              THE COURT:  Anybody promise you anything other than
 2   what is contained in the plea agreement in exchange for your
 3   guilty plea?
 4              THE DEFENDANT:  No.
 5              THE COURT:  And considering the consequences you
 6   face, do you still wish to enter a guilty plea before me today?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  For each of you, in order for me to
 9   accept your guilty pleas, I need to know that there's a factual
10   basis for your plea, so I am going to go through that, the
11   facts, with each of you individually.
12        So, for Ms. Arellano, I am going to do so at this time.
13        Referring now to your plea agreement, is it true that, on
14   or about October 28th of this year, you knowingly and
15   intentionally drove a vehicle from Mexico into the United
16   States through the San Ysidro California port of entry?
17              THE DEFENDANT:  Yes.
18              THE COURT:  And is it true that at the time you
19   entered the United States, concealed within the vehicle was
20   approximately 14.18 kilograms, or 31.19 pounds, of
21   methamphetamine, a Schedule II controlled substance?
22              THE DEFENDANT:  Yes.
23              THE COURT:  And is it true that at the time you drove
24   the vehicle into the United States through the San Ysidro Port
25   of Entry, you knew that the vehicle contained methamphetamine
```

```
 1  or some other prohibited drug, and you intentionally brought
 2  these drugs into the United States?
 3          THE DEFENDANT:  Yes.
 4          THE COURT:  Is the government satisfied with the
 5  factual basis?
 6          MS. HEESCH:  Yes, Your Honor.
 7          THE COURT:  And how do you now plead, guilty or not
 8  guilty?
 9          THE DEFENDANT:  Guilty.
10      (Court hears unrelated matter.)
11          THE COURT:  I will now ask my courtroom deputy to
12  rearraign the defendants.
13          THE CLERK:  Sir and ladies, now that you have each
14  been advised of your rights, the charges against you, and the
15  possible sentence --
16      (Court hears unrelated matter.)
17          THE CLERK:  Ms. Graciela I. Arellano Herrera, ma'am,
18  how do you now plead to Count One of the information, guilty or
19  not guilty?
20          THE DEFENDANT:  Guilty.
21          THE COURT:  This Court finds the defendants pleas are
22  made knowingly and voluntarily and with a full understanding of
23  the nature of the charges, their rights, and the consequences
24  of their pleas, and that there is a factual basis for each of
25  your pleas.  I therefore recommend to the district judges that
```

```
 1  they accept the pleas that you have made before me this
 2  morning.
 3         (Court hears unrelated matter.)
 4         THE COURT:  And for Ms. Arellano, the sentencing with
 5  a presentence report will be held on March 11, at nine o'clock,
 6  before Judge Bencivengo.
 7         All motion hearings and trial settings are now off
 8  calendar for these defendants.  And the Court will exclude time
 9  between today's date and the date of sentencing.
10         Anything further on these matters?
11         ALL:  No, Your Honor.
12         THE COURT:  Thank you.  And best of luck to all of
13  you.
14         ALL:  Thank you, Your Honor.
15         THE COURT:  Thank you.
16         (End of proceedings at 10:09 a.m.)
17                         -o0o-
```

```
 1                    C-E-R-T-I-F-I-C-A-T-I-O-N
 2
 3           I certify that the foregoing is a true and correct
 4    transcript to the best of my ability from the electronic sound
 5    recording provided to me by the U.S. District Court, Southern
 6    District of California, of the proceedings had on the date and
 7    time stated in the aforementioned cause.
 8           I further certify that I am neither counsel for,
 9    related to, nor employed by any of the parties to the action in
10    which this hearing was taken, and further certify that I am not
11    financially nor otherwise interested in the outcome of the
12    action.
13           DATED:  April 16, 2020, at San Diego, California.
14
15                         /s/   Chari L. Bowery
                           _____
16                         Transcriber
17
18
19
20
21
22
23
24
25
```