ORIGINAL

LAURA E DUFFY
United States Attorney
JARAD E. HODES
Assistant U.S. Attorney
New York Bar No.: 5031158
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7432

Attorneys for Plaintiff
United States of America

FILED
DEC 08 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GRACIELA I. ARELLANO HERRERA,<br><br>    Defendant. | Case No.: 15CR2942-CAB<br><br>PLEA AGREEMENT<br>(Fast-Track) |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Laura E. Duffy, United States Attorney, and Jarad E. Hodes, Assistant United States Attorney, and defendant, GRACIELA I. ARELLANO HERRERA, with the advice and consent of Stephen E. Hoffman, counsel for defendant, as follows:

//
//
//
//
//
//
//

JEHO:rm:11/12/15

Def. Initials GA

# I

## THE PLEA

A. <u>The Charge</u>. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about October 28, 2015, within the Southern District of California, defendant GRACIELA I. ARELLANO HERRERA, did knowingly and intentionally import a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

B. <u>Early Disposition (Fast-Track) Program</u>. The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

Defendant agrees further that, following entry of defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. With respect to any controlled substance seized in connection with this case, defendant agrees that, following entry of defendant's guilty plea, the Government need not preserve, and may destroy, the controlled substance thirty (30) days after the Government has provided defendant with the laboratory analysis report. If defendant believes that additional testing is needed, defendant will arrange for, and complete, such testing within the above-referenced thirty (30) day period, unless that period is extended by joint written agreement between the parties or by order of the Court, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the defendant agrees to jointly

Def. Initials G.A.
15 CR 2942-CAB

request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

C. <u>Forfeiture</u>. The defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881. The defendant further waives her right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendants' interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant intentionally brought Methamphetamine into the United States; and

2. Defendant knew that it was Methamphetamine or some other prohibited drug.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

//

1. On or about October 28, 2015, defendant knowingly and intentionally drove a vehicle from Mexico into the United States through the San Ysidro, California, Port of Entry (POE).

2. At the time the defendant entered the United States, concealed within the vehicle was approximately 14.18 kilograms (31.19 pounds) of Methamphetamine, a Schedule II Controlled Substance.

3. At the time defendant drove the vehicle into the United States through the San Ysidro POE, she knew that the vehicle contained Methamphetamine, or some other prohibited drug, and she intentionally brought these drugs into the United States.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A. a maximum 20 years in prison;

B. a maximum $1,000,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of at least 3 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E. possible ineligibility for certain Federal benefits.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. a speedy and public trial by jury;

C. the assistance of counsel at all stages of trial;

D. confront and cross-examine adverse witnesses;

//

4

Def. Initials _GA_
15 CR 2942-CAB

    E.    testify and present evidence and to have witnesses testify on behalf of defendant; and,

    F.    not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that, if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

//
//
//
//
//
//
//
//

5

Def. Initials G.A.
15 CR 2942-CAB

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

//

6

Def. Initials
15 CR 2942-CAB

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that, in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government has had an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court.**

7

Def. Initials _GA_
_15_ CR _2942-CAB_

Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that, if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable), based on the November 1, 2014 guidelines:

1. Base Offense Level [USSG § 2D1.1]   38*
   (The actual Base Offense Level (BOL) cannot be determined until the DEA laboratory has performed a chemical analysis of the substance.)

2. Importation of Methamphetamine   +2
   [§ USSG 2D1.1(b)(5)]
   (**If** Defendant is not subject to an adjustment for role under § 3B1.2)

3. Safety Valve (if applicable)   N/A**
   [§§ 2D1.1(b)(17) and 5C1.2]

4. Acceptance of Responsibility [§ 3E1.1]   -3

5. Departure for Fast Track [§ 5K3.1]   -4***

**\*The parties agree that, if defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be ineligible for any role reduction.**

8

Def. Initials GA
15 CR 2942-CAB

\*\*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(17) and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that, if he/she does not qualify under § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.

\*\*\*The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A.4 above, the Government will not recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant materially breaches this plea agreement by any of the following:

1. Fails to truthfully admit a complete factual basis for the plea at the time it is entered, or

2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

3. Falsely denies prior criminal conduct or convictions; or

4. Fails to appear in court, or

5. Engages in additional criminal conduct, or

6. Attempts to withdraw the plea, or

7. Fails to abide by any lawful court order, or

8. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

//

9

Def. Initials [signature]
15 CR 2942-CAB

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties agree that defendant may request or recommend additional downward adjustments, departures, or sentence reductions under 18 U.S.C. § 3553. The Government may oppose any such downward adjustments, departures and sentence reductions not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Government pursuant to this agreement.

G. SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//

Def. Initials G.A.
15 CR 2992-CAB

H.  SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant agrees that she will not later seek to reduce or terminate early the term of supervised release until she has served at least two-thirds of her term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

I.  IMMIGRATION CONSEQUENCES

Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant agrees that defendant's attorney has told defendant this and defendant still wants to plead guilty.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack the sentence, unless the court imposes a custodial sentence greater than 71 months. If the defendant appeals, the Government may support on appeal the sentence imposed. If defendant believes the Government's recommendation at the time of sentencing is not in accord with this agreement, defendant will object at the time of sentencing;

11

Def. Initials G.A.
15 CR 2942-CAB

otherwise the objection will be deemed waived and cannot be raised on appeal.

## XII

### CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

## XIII

### ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

//
//

12

Def. Initials G.A.
15 CR 2942-CAB

## XV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and his/her counsel did not advise him/her about what to say in this regard.

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

DATED 12/1/2015

JARAD E. HODES
Assistant U.S. Attorney

DATED 11-23-15

STEPHEN E. HOFFMAN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

DATED 11-23-15

GRACIELA I. ARELLANO HERRERA
Defendant

Rev. 5/1/14:PSC:jam

13

Def. Initials GA
15 CR 2942-CAB